# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| José Ernesto Hernández-Castrodad, Iris Marta Marcano (Spouse) and the Conjugal Partnership composed by them<br><br>Plaintiffs<br><br>v<br><br>Hon. Sigfrido Steidel-Figueroa in his official capacity as Administrator of the Administration of Tribunals of the Commonwealth of Puerto Rico (OAT)<br><br>Defendant | CASE NO.: 20-1507<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW Plaintiffs José Ernesto Hernández-Castrodad, his spouse Iris Marta Marcano and the Conjugal Partnership comprised by them, on behalf of themselves and all others similarly situated, and through the undersigned attorneys allege and pray as follows:

## INTRODUCTION

1. This is a class action complaint brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs Hernández-Castrodad and Marcano represent a class of affected individuals whose property has been taken by Defendant without compensation. The representative plaintiffs and the class members are all competent adults or entities that at some time during the past twenty five years have had monies deposited in their favor as part of a court proceeding. These monies generated interest from the moment they were deposited in Court, yet plaintiffs were just disbursed the principal amount deposited in their

1

favor and not the interest it generated. As a result, the interest generated by monies deposited in favor of concerned parties such as plaintiffs remains under the judiciary's possession, in multiple accounts usually under the care of judicial officers such as Marshalls and Courtroom personnel. The individual amounts that correspond to each plaintiff class member are not necessarily significant, but the aggregate accumulated because of this illicit practice at present surpasses the $200,000,000 mark. This case seeks injunctive relief to have defendant disburse the illicitly retained interest monies to the plaintiff class members, including so called "administrative fees" subtracted unilaterally from the corresponding accounts by the judiciary. Also, mechanisms must be devised and ordered both to address situations in which affected individuals cannot be located at present and to ensure that in the future corresponding interest be disbursed simultaneously to the principal amounts to concerned parties.

## VENUE AND JURISDICTION

2. This Court has jurisdiction of this matter pursuant 28 U.S.C. §1331 because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Further, this Court has jurisdiction over the state law claims by supplemental jurisdiction under 28 U.S.C. § 1367.

## PARTIES

3. Plaintiffs José Ernesto Hernández-Castrodad, his spouse Iris Marta Marcano and the Conjugal Partnership comprised by them, are adults, citizens and residents of the Commonwealth of Puerto Rico. Said plaintiffs are adequate representatives of the putative plaintiff class.

4. The plaintiff class is comprised by adult individuals or entities that (1) at some point from 1990 to the present had monies deposited to their name in state court; (2) withdrew said monies; and (3) the corresponding interest from the time the monies were deposited to the disbursement was not paid to them (and has not been paid up to the present).

5. Defendant Hon. Sigfrido Steidel-Figueroa, is the Administrator of the Administration of Tribunals (hereinafter referred to as "OAT", because of its Spanish acronym). As such he has the legal authority, duty, and responsibility to enforce the administrative regulations that apply to court proceedings throughout the Commonwealth of Puerto Rico judicial system. He is also the legal representative of the judicial branch in all proceedings in which the Puerto Rico Department of Justice is not assigned that representation. The OAT is part of the Judicial Branch of the Commonwealth of Puerto Rico and is in charge of its operation and administration. Thus, all administrative actions undertaken by Sigfrido Steidel Figueroa as the Administrator of the OAT, are in the benefit of the OAT and undertaken in his official capacity. As part of his appointment, the defendant received from his predecessor administrators the task of retaining and administrating the bank accounts which the judicial branch utilizes to retain monies deposited or consigned in favor of litigants who appear before the Courts of the Commonwealth of Puerto Rico. Thus, the defendant has continued the unlawful possession and retention of proceeds from accumulated interest which is at stake in this suit; without this Honorable Court's intervention, these monies will not be disbursed to their rightful owners, herein plaintiffs.

**FACTUAL ALLEGATIONS IN GENERAL**

6. At some time prior to 1990, OAT had the practice of depositing funds received in the name of concerned parties in individual interesting bearing accounts. As such, when the monies

deposited were eventually disbursed, the concerned party would receive the principal amount deposited and the interest that had accumulated from the time of the deposit until disbursement.

7. Sometime after 1990, the OAT began to deposit the funds received in the name of individual parties into aggregate accounts, under the control and disposition of judicial officers. Thus, all monies were deposited into aggregate accounts, as opposed to each party having an individualized account. This had the effect of simplifying the administration of the accounts, but created the problem of having to individually compute the interest that a specific deposited amount generated per concerned party.

8. The OAT has no mechanism in place to effectively provide for the disbursement of the interest generated on amounts deposited as part of judicial proceeding; in fact, it does not even have a mechanism to effectively notify interested parties such as herein plaintiffs that interest has been generated from the principal amount deposited in their favor, even less to explain how these monies can be claimed.

9. It does not matter if the interested party requests the interest or not when seeking disbursement of the principal amount; there is no mechanism in place to automatically apportion and pay the interest generated from the moment the principal amount is deposited until it is disbursed.

10. The plaintiff class is comprised by adult individuals or entities that (1) at some point from 1990 to the present had monies deposited to their name in state court; (2) withdrew said monies; and (3) the corresponding interest from the time the monies were deposited to the disbursement was not paid to them (and has not been paid up to the present).

11. The interest generated by monies deposited in favor of interested parties such as plaintiffs remains under the judiciary's possession, in multiple accounts usually under the care of judicial officers such as Marshalls and Courtroom personnel.

12. This has been going on since at least the early 1990's; as a result, the judiciary has had in its possession, in some cases for over two decades, monies belonging to third parties which could have been easily disbursed contemporaneously to the disbursement of principal amounts deposited in said third parties 'favor.

13. Although there are lists that tabulate to which individual or entity the interest money belongs and the corresponding amount, the defendant has failed to disburse said monies; this unjustified retention of monies clearly belonging to third parties by the judiciary constitutes an unconstitutional taking of private property without just compensation.

14. The situation is further aggravated by the fact that practically none of the individuals and entities that have their monies in the judiciary's accounts have any idea whatsoever that such monies exit, do not know the true amount that corresponds to each and have not been notified of any mechanism to retrieve them; moreover, the passing of time certainly makes it very hard to identify the whereabouts of concerned individuals and entities, as the addresses that are on the judiciary's records have not been kept up to date, some of the concerned entities have ceased to exist and some of the concerned individuals have died or moved elsewhere.

15. Moreover, the OAT unilaterally apportions an "administrative charge" to the interest accounts illicitly on its possession, to the tune of around 15%; this administrative charge should not have been incurred to begin with and would have not been incurred if the interest

amounts had been disbursed contemporaneously to the disbursement of the principal amounts; the administrative charge constitutes another form of unconstitutional taking by the judiciary defendant of monies clearly belonging to plaintiffs and the putative plaintiff class.

16. Obviously, the fact that there is a significant amount of money belonging to third parties under the judiciary's possession is known by herein defendant; however, although at some points in time half-baked efforts to create a disbursement formula and effectively disburse the illicitly retained amounts have been undertaken, the monies remain in the judiciary's possession and no prospective mechanisms have been put in place to prevent the situation from repeating itself over and over each time monies are deposited in favor of an individual or entity as part of a judicial proceeding; the very significant amount of time elapsed without disbursement or even notification to the plaintiffs and the proposed plaintiff's class, coupled with the administrative charge assessed to the corresponding accounts, certainly shows deliberation or at the very least a callous and complete disregard to the proprietary rights of the plaintiffs and the proposed plaintiff class by the defendant.

**FACTS SPECIFIC TO PLAINTIFFS HERNÁNDEZ- CASTRODAD, IRIS MARTA MARCANO AND THEIR CONJUGAL PARTNERSHIP**

17. Plaintiffs José Enrique Hernández-Castrodad, Iris Marta Marcano and the Conjugal Partnership comprised by them (together hereinafter referred to as Appearing Plaintiffs) brings this action on behalf of themselves and a Class of all similarly situated individuals and entities who have been paid the interest accrued on monies deposited on their behalf since at least 1990.

18. In the particular case of appearing individual plaintiffs, an expropriation proceeding was filed against them on October 20, 2011, case number KEF2011-0355, captioned <u>Autoridad de Carreteras v Jose Ernesto Hernandez Castrodad, et als</u> wherein the government (Commonwealth of Puerto Rico) obtained a parcel of land that up to then belonged to the appearing plaintiffs.

19. As part of the litigation incidents in case number KEF2011-0355, Autoridad de Carreteras thrice consigned amounts to the benefit of Appearing Plaintiffs, as just compensation for the expropriated parcels, totaling over $2,000,000 (the monies that in aggregate constitute the agreed just compensation were deposited in 2011, 2016 and 2018).

20. Every time Autoridad de Carreteras deposited an amount to the benefit of Plaintiffs, Plaintiffs requested disbursement of said amount. The Court approved each disbursement but, when the disbursements were effectively done, Plaintiffs were paid only the exact amounts deposited by Autoridad de Carreteras. The interest corresponding to the periods elapsed between the deposit of the funds by Autoridad de Carreteras and the actual disbursement of the funds to the plaintiffs was not paid or notified to the Plaintiffs and, as to this date, remains in the unlawful possession of Defendant.

21. The interest corresponding to the periods elapsed between the deposit of the funds by Autoridad de Carreteras and the actual disbursement of the funds to the plaintiffs should have been disbursed contemporaneously with the principal; this interest amount clearly belongs to plaintiffs Hernández-Castrodad, his wife Iris Marta Marcano and their conjugal partnership.

22. The corresponding monies are at present under Defendant's possession and control. Administrative fees have also illicitly been levied against these monies.

23. Defendant has actual knowledge of the situation herein described. In fact, half-baked attempts have been undertaken through the years to tabulate the interest monies and distribute it among the concerned parties, but said attempts never came to fruition. This Honorable Court's intervention is absolutely necessary to force defendant into distributing these illicitly retained money to plaintiffs (and others similarly situated, the putative plaintiff class), without any deduction whatsoever.

## CLASS DEFINITION

24. Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of other similarly situated persons pursuant to Fed.R.Civ.P.23(a), 23(b)(2), and/or 23(b)(3). ***The proposed plaintiff class is comprised by adult individuals or entities that (1) at some point from 1990 to the present had monies deposited to their name in state court; (2) withdrew said monies; and (3) the corresponding interest from the time the monies were deposited to the disbursement was not paid to them (and has not been paid up to the present).***

## CLASS ACTION ALLEGATIONS

25. *Numerosity of the class*: The proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs reasonably believe that the Class is comprised of tens of thousands of adult individuals and entities who, since the early 90's, had monies deposited in their favor as part of a judicial proceeding. These individuals are beneficiaries, not necessarily litigants, of amounts of cash which have been delivered to the clerk of the court by third parties to be disbursed to these beneficiaries. The defendant in this case is the person tasked with the administration of the bank accounts in which said monies are

deposited. Furthermore, the disposition of the claims asserted herein through this class action will benefit the parties and the Commonwealths' judicial system as well.

26. *Commonality of the factual questions and law in the class*: There exists a clear and well defined commonality in herein appearing Plaintiffs 'claims and those of the proposed class. The representative Plaintiffs, like all class members, have been damaged by Defendant's misconduct in that Defendant has taken and misappropriated monies belonging to the plaintiffs and has even dilapidated part of said monies by charging administrative fees. The questions of fact and law common to the class superbly predominate over any other affecting only individuals class members:

- Whether this Honorable Court should declare that the monies corresponding to the interest generated by principal amounts deposited in plaintiff class member's favor as part of state court judicial proceedings now in defendant's possession belong to the plaintiff class members and thus must be immediately disbursed;
- Whether it was just and licit for defendant to deduct an administrative fee from said amounts;
- Whether defendant must be required to design and implement prospective disbursement procedures to prevent this situation from recurring;
- Whether the members of the class are entitled to declaratory relief, prospective and injunctive relief for the unlawful retention of the interest accrued and retained by the judiciary defendant

The factual basis of Defendant's misconduct is common to all class members and represents a common thread of unfair and unconscionable conduct resulting in the deprivation of property rights to all members of the class. All plaintiff class members share the following core

facts, which are clearly enough to establish a cognizable federal cause of action: (1) at some point from 1990 to the present had monies deposited to their name in state court; (2) withdrew said monies; and (3) the corresponding interest from the time the monies were deposited to the disbursement was not paid to them (and has not been paid up to the present).

    a.    Plaintiffs are entitled to declaratory and injunctive relief, declaring that all amounts now under defendant's possession and control that correspond to interest accrued by monies deposited at some time in plaintiffs' favor as part of an ongoing judicial proceeding belongs to plaintiffs and must be disbursed and ordering defendant to immediately make said disbursement;

    b.    Plaintiffs are entitled to declaratory and injunctive relief, declaring that no amount whatsoever could be deducted from the interest monies and ordering defendant to reinstate administrative fees and any other amounts illicitly deducted from the interest monies prior to disbursement to the plaintiff class;

    c.    Plaintiffs are entitled to declaratory and injunctive relief declaring that defendant must create and implement reasonable mechanisms to prospectively prevent the unjust appropriation by the judiciary of monies belonging to third parties and to have said monies immediately disbursed to the concerned parties contemporaneously with the disbursement of the principal amounts deposited in favor of the concerned parties;

    d.    Plaintiffs are entitled to applicable interest, costs and reasonable attorney's fees.

25. *Typicality of claims:* Plaintiffs 'claims are typical of the claims of other proposed members of the class as they arise out of the same wrongful policies and practices by Defendant. Plaintiffs all have suffered certain economic harm and thus, no antagonistic interest among

them and the proposed class members is foreseeable. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent members of the Class.

26. *Adequacy of legal representation:* Plaintiffs are committed to vigorously prosecute this action and have retained competent counsel very experienced in important complex class actions tried in this Honorable District Court. Accordingly, Plaintiffs are an adequate representative and will fairly and adequately protect the interests of the Class.

27. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendant, no class member could afford to seek legal redress individually for the claims alleged herein. Absent this action, the proposed class members will continue to suffer losses and Defendant's misconduct will proceed without remedy. Furthermore, the Court would be unduly burdened by the filing of too many actions by individuals which will present the possibility of inconsistent and contradictory judgments. The individual litigation would also raise the time and the costs of the litigation process. By contrast, the class action device presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Finally, the illicit actions of the Defendant, applicable to the entire class, make it necessary that a final declaratory and injunctive relief with respect to this Class Action be issued as herein requested.

**Request for declaratory Relief Under 28 U.S.C. § 2201; 42 U.S.C. Section 1983 (Takings Clause/Procedural Due Process) cause of action; Request for Injunctive Relief**

28. Plaintiffs and the Class adopt by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

29. Plaintiffs and class members are beneficiaries of amounts deposited in interest bearing accounts as part of state judicial proceedings from 1990 to the present. When a beneficiary requests the amount deposited to its name, the principal is disbursed, but not the interest.

30. The not disbursed interest, which clearly belongs to plaintiffs, has remained in accounts under defendant's power and control, in some cases for over two decades. Also, administrative charges are levied by defendant into the relevant accounts, thus illicitly dilapidating them.

31. Although the interest beneficiaries are known to defendant and even at times half-baked attempts have been initiated to procure disbursement of the interest amounts, at present the non-disbursed interest remains under defendant's power and control.

32. Defendant has at all times relevant acted under color of state law.

33. Plaintiffs and the Class members have been illegally deprived of their personal property, the interest earned on amounts deposited to their favor as part of state court proceedings, which has been illicitly retained by the defendant and under its control, in some cases for decades. Plaintiffs and the Class members have further been illegally deprived of their personal property, in the form of administrative fees unilaterally apportioned and collected by defendant against the aggregate interest accounts corresponding to the plaintiffs.

34. Defendant has knowingly failed -for years- to disburse the accumulated interests of the Plaintiffs and the Class, even though it has been acknowledged at all times that said monies do not belong to the judiciary and must be disbursed to its true owners; defendant has also unilaterally apportioned and collected inapplicable administrative fees against these

monies. This conduct by the defendant is in direct violation of the Takings Clause of the Fifth Amendment to the Constitution of the United States of America (made extensive to the Commonwealth as per the Fourteenth Amendment). The defendant has directly appropriated private funds without just compensation to the owners of such funds.

35. An actual, justiciable and constitutional controversy exists concerning whether Defendant has taken Plaintiffs 'and the Class 'members 'property thus, infringing their constitutional property rights without just compensation. Also, as to whether plaintiffs have been deprived of their property right without due process of law.

36. Plaintiffs also request, under 42 USCA 1983, a finding by the Court that defendant, acting under color of state law, has deprived the plaintiffs of access to their property, the non-disbursed interest, and has levied fees against said property without any notice or process.

37. The illicit scheme to retain interest belonging to third party beneficiaries herein described and fully attributable to the Defendant clearly violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article II Section 7 of the Constitution of the Commonwealth of Puerto Rico.

38. Defendant is taking the personal property of the Plaintiffs and the Class by either never informing of the existence of the taken property and/or failing to provide a process to have the property returned to them and/or impose illegitimate administrative fees and penalties for simply seeking the return of their monies.

39. Clearly there is no adequate opportunity to be heard on the fees charged on the amounts illicitly retained, particularly since the illegitimate administrative fees bear no reasonable relation to the amount of interest accrued and required to be paid.

40. The deprivation of the rights of Plaintiffs and members of the Class as described above has been a proximate result of the policies, procedures, practices, and/or customs maintained by the Defendant in detriment of the Plaintiffs and the Class.

41. Pursuant to the above, plaintiffs seek the following declaratory and injunctive relief: (a) a finding that this action may proceed and be maintained as a class action; (b) a finding that Defendant's actions constitute a taking of plaintiff's property without just compensation, in contravention to the takings clause; (c) a finding that Defendant is liable to the plaintiffs under 42 USCA 1983, as he has deprived plaintiffs of their property and/or access to their property without due process of law; (d) a finding that accrued interest monies on principal amounts deposited in state court which are under defendant's control belong to the plaintiff class action members and must be immediately disbursed to them; (e) a finding that any and all assessed/collected administrative fees imposed against the accrued interest monies must be returned to the plaintiffs; (f) an injunctive order requiring Defendant to immediately reinstate to the relevant accounts all administrative fees illicitly assessed, to immediately formulate a reasonable and verifiable plan to compute the amounts corresponding to each individual or entity that has a proprietary claim over the interest monies illicitly retained and to effectively disburse said amounts to the concerned individuals and entities that can be readily located; (g) an injunctive order requiring Defendant to immediately formulate a reasonable and verifiable plan as to the amounts corresponding to concerned entities and individuals that cannot be located at present and propose alternatives for the liquidation of said monies; (h) an injunctive order requiring Defendant to immediately establish reasonable mechanisms to ensure that interest monies belonging to concerned individuals and entities are disbursed contemporaneously to the

disbursement of the principal amounts deposited in their favor; (i) an injunctive order directing the Defendant to pay pre judgment interest, costs and reasonable attorney's fees (under either 42 USCA sec 1988 or under any other applicable statute); and (g) an order dictating such other and further relief as is necessary and just.

***Request for the exercise of supplemental jurisdiction over nonfederal causes of action***

42. Plaintiffs reinstate all previous factual allegations as if fully detailed herein.

43. Plaintiffs are entitled to relief under Puerto Rico law, in the form of declaratory judgment/injunctive relief ordering the remedies detailed above.

44. Plaintiffs thus request from this Honorable Court that it entertain the applicable causes of action under Puerto Rico law under its supplemental jurisdiction authority.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Class defined herein, pray for judgment dictating the following declaratory and injunctive relief: (a) a finding that this action may proceed and be maintained as a class action; (b) a finding that Defendant's actions constitute a taking of plaintiff's property without just compensation, in contravention to the takings clause; (c) a finding that Defendant is liable to the plaintiffs under 42 USCA 1983, as he has deprived plaintiffs of their property and/or access to their property without due process of law; (d) a finding that accrued interest monies on principal amounts deposited in state court which are under defendant's control belong to the plaintiff class action members and must be immediately disbursed to them; (e) a finding that any and all assessed/collected administrative fees imposed against the accrued interest monies must be returned to the plaintiffs; (f) an injunctive order requiring Defendant to immediately reinstate to the relevant accounts all administrative fees illicitly assessed, to immediately formulate a reasonable and verifiable plan to

compute the amounts corresponding to each individual or entity that has a proprietary claim over the interest monies illicitly retained and to effectively disburse said amounts to the concerned individuals and entities that can be readily located; (g) an injunctive order requiring Defendant to immediately formulate a reasonable and verifiable plan as to the amounts corresponding to concerned entities and individuals that cannot be located at present and propose alternatives for the liquidation of said monies; (h) an injunctive order requiring Defendant to immediately establish reasonable mechanisms to ensure that interest monies belonging to concerned individuals and entities are disbursed contemporaneously to the disbursement of the principal amounts deposited in their favor; (i) an injunctive order directing the Defendant to pay pre judgment interest, costs and reasonable attorney's fees (under either 42 USCA sec 1988 or under any other applicable statute); and (g) an order dictating such other and further relief as is necessary and just.

In San Juan, Puerto Rico, this September 25, 2020.

**RESPECTFULLY SUBMITTED.**

**COUNSEL FOR PLAINTIFFS AND THE PLAINTIFF CLASS:**

**LANDRÓN VERA, LLC**
1606 Ave. Ponce De León 501
San Juan, PR 00909
787-395-7885 / 787-395-7886

s/Eileen Landrón Guardiola
**EILEEN LANDRÓN GUARDIOLA**
USDC-PR-203006
Email: elandron@landronvera.com

s/Eduardo Vera Ramírez
**EDUARDO VERA RAMÍREZ**
USDC-PR-209713
Email: evera@landronvera.com

s/Luis A. Rodríguez Muñoz
**LUIS A. RODRÍGUEZ MUÑOZ**
USDC-PR 214511
Email: lrodriguez@landronvera.com

Of Counsel:
s/Sylvia Hernández Castrodad
**SYLVIA HERNÁNDEZ CASTRODAD**
USDC-PR 211306
Email: sylvia@angoraproperties.com