IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ ERNESTO HERNÁNDEZ-CASTRODAD, IRIS MARTA MARCANO, AND CONJUGAL PARTNERSHIP HERNÁNDEZ-MARCANO, Plaintiffs, v. SIGFRIDO STEIDEL-FIGUEROA IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE ADMINISTRATION OF TRIBUNALS OF PUERTO RICO, Defendant. | CIV. NO. 20-1507 (SCC) |

**OPINION AND ORDER**

José Ernesto Hernández-Castrodad, Iris Marta Marcano, and the conjugal partnership between them bring this putative class-action lawsuit against Sigfrido Steidel-Figueroa in his official capacity as Administrator of the Administration of Tribunals of Puerto Rico. Initially, we granted Steidel's motion to dismiss the plaintiffs' complaint and entered judgment in his favor. Dockets Nos. 26, 27. But then, on the plaintiffs' motion, we reconsidered and decided

instead to grant in part and deny in part his motion to dismiss. Docket No. 34. Now there is a claim remaining.

The plaintiffs have moved the Court to enter a default against Steidel because he has not responded to their complaint. Docket No. 36. And Steidel has moved the Court to quash four subpoenas duces tecum that the plaintiffs have served. Docket No. 41. We address each motion in turn.

## I. MOTION FOR ENTRY OF DEFAULT

The plaintiffs have asked the Court to enter a default against Steidel because he has failed to file his answer within fourteen days of receiving notice of our opinion and order where, upon reconsideration, we granted in part and denied in part his pre-answer motion to dismiss. Docket No. 36, pg. 2. Steidel contends that he does not have to file an answer until the Court files an amended judgment and the plaintiffs file an amended complaint containing only the allegations that relate to the remaining claim. Docket No. 37, pg. 3. He argues as well that the fourteen-day window to file an answer after a court denies a pre-answer motion has not been

triggered here because the Court granted in part and denied in part his motion to dismiss. *Id.* Because the Court did not deny outright his pre-answer motion, his argument goes, the fourteen-day window has not been triggered.

We begin with Steidel's contention that the Court must enter an amended judgment immediately after it grants reconsideration under Federal Rule of Civil Procedure 59(e), even where the result of reconsideration is that there is a claim remaining. He cites no authority to support his contention. To be sure, we will have to enter an amended judgment when all the claims have been disposed of, but not before then.

Under Rule 58, "[e]very judgment and amended judgment must be set out in a separate document." FED. R. CIV. P. 58(a). But there are exceptions. A court, for example, need not enter a separate document when "disposing of a motion" "to alter or amend the judgment, under Rule 59." FED. R. CIV. P. 58(a)(4). This section, however, only applies where a court has denied the motion. If it grants the motion, the resulting amended judgment must be filed as a separate

document. FED. R. CIV. P. 58 2002 adv. comm. notes ("And if disposition of the motion results in an amended judgment, the amended judgment must be set forth on a separate document."); *see also Emps. Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 489 (7th Cir. 2005). But there is not yet a resulting amended judgment because there is still a claim remaining.

In the Federal Rules of Civil Procedure ("Rules"), a "judgment" is defined as "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). Generally an appeal is available only "from final decisions of the district court[]," 28 U.S.C. § 1291, though interlocutory appeals are sometimes available as well, *see, e.g.*, 28 U.S.C. § 1292. "[A] 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Alstom Caribe, Inc. v. Geo P. Reintjes Co.*, 484 F.3d 106, 111 (1st Cir. 2007) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Our opinion and order granting reconsideration and granting in part and denying in part Steidel's motion to dismiss is not a final decision because it does not end the litigation. Thus,

there is not yet a resulting amended judgment to file by separate document.

We agree that once we have resolved the remaining claim, we will need to file an amended judgment. But filing one right now would amount to certifying for appeal under Rule 54(b)[1] the claims that we have dismissed, which would lead to piecemeal litigation. Our opinion and order granting the plaintiffs' motion for reconsideration under Rule 59(e)[2] and deciding that a claim remains reopened the proceedings

---

1. Rule 54(b) states, as relevant, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." But this is disfavored because it leads to piecemeal litigation. *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988) ("Fed. R. Civ. P. 54(b) permits the entry of judgment, and thus an appeal, on fewer than all the claims in a multi-claim action. Yet Rule 54(b) notwithstanding, there is a long-settled and prudential policy against the scattershot disposition of litigation.").

2. Rules 59(e) and 60(b) are both vehicles for relief from a final judgment. Because the decisive factor as to which rule applies is merely the motion's timing, *Global NAPs, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007) ("Irrespective of how a party titles his motion, 'a post-judgment motion made within [twenty-eight] days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).'"), caselaw construing one of them is instructive when construing the other.

and vacated the earlier judgment. *See Odogwu v. Gonzales*, 217 F. App'x 194, 197 (4th Cir. 2007) (unpublished) ("granting a Rule 60(b) motion [for reconsideration] reopens the earlier civil proceeding and vacates the underlying judgment"); 12 MOORE'S FEDERAL PRACTICE § 59.35 ("When a trial court grants a motion to alter or amend a judgment, and the alteration or amendment is substantive . . . the previous judgment no longer exists."); *cf. Gaedeke Holdings VII v. Baker*, 683 F. App's 677, 682 (10th Cir. 2017) (unpublished) ("Once the district court granted [appellant's] motion for a new trial under Rule 59(a)(1)(A), 'the judgment is superseded.'"); *United States v. Ayres*, 76 U.S. 608, 610 (1869) ("But, it is quite clear, that the order granting the new trial has the effect of vacating the former judgment, and to render it null and void . . . ."). We will not have an amended judgment to file until we have resolved the remaining claim.

We turn to Steidel's next contention. He argues that the plaintiffs need to file an amended complaint—stripped of all allegations except for those that relate to the claim that

remains—because he cannot be expected to respond to a complaint that contains allegations that relate to claims that have been dismissed. Docket No. 37, pg. 3. The Rules do not require the plaintiffs to file an amended complaint when a pre-answer motion to dismiss their complaint is granted in part and denied in part. Steidel has directed the Court to no authority that provides otherwise.

      The Rules did, however, require Steidel to file his answer within fourteen days of receiving notice of our opinion and order that, upon reconsideration, granted in part and denied in part his pre-answer motion to dismiss. He filed a pre-answer motion, seeking dismissal of the plaintiffs' complaint. Docket No. 13. In our opinion and order granting reconsideration, we also granted in part and denied in part his pre-answer motion. Docket No. 34. Though the time to file his answer was tolled until we resolved his pre-answer motion, when he received notice of our resolution of it upon reconsideration (*i.e.*, that we had granted it in part and denied it in part and, thus, there is a claim remaining), he had

fourteen days to file his answer. FED. R. CIV. P. 12(a)(4)(A).

Steidel counters that he was not required to file his answer within fourteen days of receiving notice that we had granted in part and denied in part his pre-answer motion to dismiss because Rule 12(a)(4)(A), according to its "express language," only applies to pre-answer motions that are denied. Docket No. 37, pg. 3. The Court, he points out, did not deny his pre-answer motion. Instead, we granted it in part and denied it in part. To be sure, Rule 12(a)(4)(A) states, "if the court denies the [pre-answer] motion . . . , the responsive pleading must be served within 14 days after notice of the court's action." But Rule 12(a)(4)(A) treats any disposition that leaves a claim remaining as a denial. *See* STEVEN S. GENSLER & LUMEN N. MULLIGAN, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY Rule 12 (2022) ("If the court denies the [pre-answer] motion, or only some of the claims are dismissed, the responsive pleading is due within 14 days after notice of the court's order."). As soon as Steidel received notice that the Court had granted in part and denied in part

his motion to dismiss and that a claim remained, Rule 12(a)(4)(A) required him to file his answer within fourteen days. He did not. That brings us to the plaintiffs' motion to enter a default against him.

The Court or the Clerk of Court "must enter [a] party's default" when it "has failed to plead or otherwise defend," its failure is shown by "affidavit or otherwise," and "affirmative relief" is sought against it. FED. R. CIV. P. 55(a). Though Steidel has failed to plead, he has otherwise defended himself. He has responded to the plaintiffs' motion to enter a default against him and filed a motion to quash the plaintiffs' subpoenas. *See* Docket Nos. 37, 41. Because he is defending himself, we deny the plaintiffs' motion to enter a default against him. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (holding that the district court did not abuse its discretion in denying the plaintiff's motion to enter a default against the defendant where, though the defendant had failed to file a responsive pleading within the prescribed deadline, it had participated in the action's removal, filed a

notice of appearance, and filed a motion to dismiss shortly after the deadline for a responsive pleading); *cf. United States v. Ramer*, 699 F. App'x 596, 597 (8th Cir. 2017) (unpublished) (holding that "the district court did not abuse its discretion in granting default, [where] the [defendants had] affirmatively refused to file an answer or otherwise participate in the proceedings once their motion to dismiss was denied").

## II.  MOTION TO QUASH

Steidel has moved the Court to quash four subpoenas duces tecum. Docket No. 41. He argues, as relevant, that these subpoenas are premature because the parties have not yet conferred pursuant to Rule 26(f). *Id.* at 4.

A subpoena is a discovery device and, accordingly, is subject to the discovery limitations in Rule 26. *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006). Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The plaintiffs, therefore, cannot use subpoenas to obtain discovery until the parties have conferred pursuant to

Rule 26(f). Because the parties have not yet conferred pursuant to Rule 26(f), the plaintiffs' subpoenas are improper. We note as well that there is no need to serve subpoenas on a party to obtain discovery. *See* Gensler & Mulligan, *supra*, at Rule 45 ("Because other parties are already subject to the court's jurisdiction, an ordinary discovery request . . . is backed by the power of the court and must be responded to of its own force.").

### III. Conclusion

In sum, the Court **DENIES** the plaintiffs' motion to enter a default against Steidel (Docket No. 36). We **GRANT** Steidel's motion to quash the plaintiffs' four subpoenas duces tecum (Docket No. 41), which are hereby **QUASHED**. Finally, we **ORDER** Steidel to file his answer by **March 23, 2022.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of March 2022.

　　　S/ SILVIA CARREÑO-COLL
　　　UNITED STATES DISTRICT COURT JUDGE